| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.I., | Case No. 1:18-cv-00363-LJO-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN PARTIAL ANONYMITY |
| v. | |
| UNITED STATES OF AMERICA, et al., | (ECF No. 2) |
| Defendants. | |

Plaintiff J. I. brings this action alleging violations of the Federal Tort Claims Act, the Fourth and Fifth Amendment, and claims under Texas State law based on an alleged sexual assault while she was detained by Customs and Border Inspection officers. On March 15, 2018, Plaintiff filed this action and a motion to proceed with partial anonymity. (ECF Nos. 1, 2.) Plaintiff filed a notice of request to seal documents on March 15, 2018. (ECF No. 3.) Plaintiff's request to seal was granted in part on March 19, 2018. (ECF No.7.)

In this instance, the defendants were just recently served and have not yet appeared in this action. Accordingly, the Court finds it appropriate to consider the motion to proceed in partial anonymity, but will reconsider the issue should the defendants choose to oppose the motion upon appearing in this action.

/ / /

/ / /

# I.

# LEGAL STANDARD

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). The normal presumption is that the parties will use their real names which is related to the public's right to open courts and the rights of individuals to confront their accusers. Doe v. Kamehameha Schools ("Kamehameha Schools"), 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. Does I thru XXIII v. Advanced Textile Corp. ("Advanced Textile Corp."), 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.' " Advanced Textile Corp., 214 F.3d at 1067-68 (quoting United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir.1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile Corp., 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a matter of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" Advanced Textile Corp., 214 F.3d at 1068 (internal citations omitted). "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha Schools, 596 F.3d at 1042.

Where the plaintiff has demonstrated a need for anonymity the district court should use its power to manage the pretrial proceedings and issue protective orders limiting disclosure of the

protected party's name to preserve the anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate that matter. Advanced Textile Corp., 214 F.3d at 1069.

## II.

## DISCUSSION

Plaintiff contends that the matters at issue in this litigation are highly sensitive and personal in nature and that disclosure of her identify would raise a serious risk of emotional and psychological harm to her. Plaintiff also argues that Defendants will suffer no prejudice as she will be using her initials in the public record but her true identity has been disclosed to the defendants.

"Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." Doe v. Rose, No. CV-15-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases); see also N.S. by & through Marble v. Rockett, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017) ("A plaintiff generally may proceed under initials or a pseudonym when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred."); Jordan v. Gardner, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates.").

In this instance, Plaintiff was a minor at the time of the alleged sexual assault. While Plaintiff is now an adult, she is currently attending high school and fears the social stigmatization and harassment that could occur were her identity disclosed. Additionally, Plaintiff was born and raised in Guatemala, a country that she contends tolerates violence against women and where victims of sexual harassment are often harassed, humiliated and blamed for the incidents. Plaintiff fears that she will be shamed and humiliated should her extended family find out about the sexual assault. These factors weigh heavily in favor of allowing Plaintiff to proceed in partial anonymity in this action.

///

3

1 The Court also considers the potential prejudice to the defendants if Plaintiff is allowed to proceed in anonymity in this action. Plaintiff has disclosed her identity to the defendants in this action and is only seeking anonymity in the public record. Therefore, the court is unaware of any prejudice that the defendants would suffer due to the failure to publically disclose her identity. This factor weighs in favor of granting Plaintiff's motion.

Finally, the Court considers the public interest in knowing the identity of the plaintiff in this action. While the public does have some interest in Plaintiff's true identity, there is also a strong public interest in encouraging victims of sexual assault to come forward and bring claims against their assailants. The use of a fictitious name is in the public interest where it enables a plaintiff to bring a claim that would otherwise be deterred. Advanced Textile Corp., 214 F.3d at 1073. Additionally, although Plaintiff's name would not be disclosed in the public record, the pleadings and any rulings in this action will be available to the public. Therefore, any interest that the public would have in knowing Plaintiff's actual identity is outweighed by her need for anonymity.

The Court finds that the factors weigh in favor of allowing Plaintiff to proceed in partial anonymity and be identified only by her initials in the public record.

## III.

## CONCLUSION AND ORDER

After weighing the factors to be considered in determining if Plaintiff should be allowed to proceed in anonymity in this action, the Court finds that, at this stage of the litigation, Plaintiff is entitled to proceed in partial anonymity. However, the Court will reconsider the matter should the defendants choose to object once they have appeared in this action and articulate why anonymity is not appropriate under the standards set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in partial anonymity, filed March 15, 2018, is GRANTED;
2. Plaintiff may proceed in this action with partial anonymity and identify herself only by her initials in all filings;

3. Plaintiff may redact her name from any exhibits filed in this litigation; and

4. Defendants shall use the initials J.I. for Plaintiff in this litigation, redact Plaintiff's name from any exhibits, and shall not publicly disclose Plaintiff's identity absent further order of the Court.

IT IS SO ORDERED.

Dated: **March 23, 2018**

UNITED STATES MAGISTRATE JUDGE