McGREGOR W. SCOTT
United States Attorney
PHILIP A. SCARBOROUGH (SBN 254934)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| J.I., | CASE NO. 1:18-CV-00363-LJO-SAB |
|---|---|
| Plaintiff, | REQUEST TO SHORTEN TIME FOR PLAINTIFF TO RESPOND TO MOTION TO STAY PURSUANT TO LOCAL RULE 144(e); ORDER |
| v. | |
| UNITED STATES, | JUDGE: Hon. Lawrence J. O'Neill |
| Defendant. | |

The United States respectfully requests, pursuant to Local Rule 144(e), that the Court order plaintiff J.I. to respond on shortened time to the United States' request to stay all further activity in this case pending resolution of the recently-filed motion to transfer. Specifically, the United States requests that plaintiff file any opposition to the request for a stay by Wednesday, August 1, 2018, and that the United States submit its reply on the stay request, if any, by Thursday, August 2, 2018.

**BACKGROUND**

As explained in the United States' memorandum in support of its motion to transfer (ECF 32-1), plaintiff J.I. asserts in this suit claims against the United States under the Federal Tort Claims Act ("FTCA") based on the alleged actions of three Customs and Border Patrol ("CBP") agents in Presidio, Texas. Her original complaint in this action also asserted claims against those same CBP agents in their personal capacity. *See* ECF 1. Before the United States filed any response to the complaint, plaintiff dismissed the individual claims because this Court lacks personal jurisdiction over the CBP agents in their individual capacity. *See* ECF 21, ECF 22.

The United States has not yet filed an answer to the complaint in this action and general discovery has not yet begun. On June 8, 2018, the United States filed a motion to dismiss one of plaintiff's four remaining claims pursuant to the discretionary function exception of the FTCA. *See* 28 U.S.C. § 2680(a); ECF 24. Plaintiff sought limited discovery on that issue, and the parties entered a stipulated schedule for discovery limited to the discrete issue of whether plaintiff's fourth cause of action is barred by the discretionary function exception. ECF 29. The United States has propounded limited interrogatories on plaintiff, and plaintiff has propounded interrogatories and discovery requests on the United States. Declaration of Philip A. Scarborough ("Scarborough Decl."), ¶¶ 5-6. Plaintiff's responses to the interrogatories are currently due on August 6, 2018. *Id.* ¶ 5. The United States' responses to plaintiff's discovery requests are currently due on August 13, 2018. *Id.* ¶ 6. The current schedule requires plaintiff then to either amend her complaint or inform the United States that she will rely on the original complaint by August 31, 2018. ECF 29. The schedule then requires the United States to either file a new motion to dismiss the fourth cause of action, re-notice the original motion, or file an answer to the complaint by September 14, 2018. *Id.*

On July 11, 2018, in the middle of the limited discovery period, J.I. filed a new suit against Fernando Saucedo, one of the individual CBP agents in the Western District of Texas whose conduct is at issue in this case. *See* ECF 32-2 (the "Texas suit"). The Texas suit makes factual allegations that are identical to those in this case and asserts *Bivens* and state law tort claims against Saucedo. *See* ECF 32-2. On July 25, 2018, plaintiff filed a motion to stay the Texas suit, and one day later, the court in Texas granted that stay. *J.I. v. Saucedo*, W.D. Tex. No. 4:18-cv-00028-DC (ECF 9). Plaintiff's stated position is that she intends to litigate the FTCA claims against the United States in this district and only plans to litigate the *Bivens* and tort claims against Saucedo in the Texas suit if she loses her claims in this suit in a way that does not preclude her from pursuing the Texas suit.

On July 27, 2018, the United States filed a motion to transfer this action to the Western District of Texas. *See* ECF 32. That motion is currently set for hearing on August 27, 2018. *Id.* Plaintiff's opposition to the transfer motion therefore is due on August 13, and the United States' reply is due on August 20. In its motion, the United States also requested a stay of further proceedings in the present action, including any obligation of the parties to respond to the pending discovery requests or for the

United States to file a response to the complaint by motion or otherwise. During a conference call on July 27, 2018, and follow-up correspondence before the United States filed its motion to transfer, counsel for plaintiff indicated that they opposed both the request for a stay and the motion to transfer. Scarborough Decl. ¶ 8. On July 30, 2018, the Court issued a minute order directing the United States to justify the need for a decision on the stay request on shortened time pursuant to Local Rule 144 if the United States was requesting an immediate stay. ECF 33.

## ARGUMENT

Good cause exists to shorten plaintiff's time to respond to the request for a stay. As reflected in the United States' moving papers, the most appropriate venue for this action is the Western District of Texas. *See* ECF 32-1 at 4-9. Both parties, however, have served discovery requests pursuant to the previous schedule contemplating limited discovery related to a discrete discretionary function exception issue for one of plaintiff's causes of action. Scarborough Decl. ¶¶ 4-6. Absent a stay, both parties will be required to provide responses to the discovery requests before the motion to transfer is fully briefed. *See id.* ¶¶ 5-6. The current schedule also requires the parties to undertake additional litigation activity, including filing a potential amended complaint and re-filing or renewal of the discretionary function exception motion, shortly after the date scheduled for hearing of the transfer motion. Given the existence of a dispute about which forum is most proper for this suit, this additional litigation activity should be deferred until the transfer motion is resolved. As noted in the United States' motion, if the case is transferred, a different United States Attorney's Office will handle the defense of the matter. *See* ECF 32-1 at 11. In that event, it will be most efficient for that office to respond to the pending discovery, to respond to any amended complaint, to file any necessary motions to dismiss, and to conduct any further proceedings, than it would be to continue with this activity while the transfer motion is pending. If the transfer motion is not granted, any delay resulting from a stay should be minimal, on the order of approximately 6-8 weeks.

A decision on the request for a stay, therefore, is needed before the motion to transfer will be fully briefed and submitted for decision. Accordingly, the United States requests the Court shorten time for plaintiff to file an opposition to the request for a stay. Specifically, the United States requests that

plaintiff be required to submit her opposition to the stay request by Wednesday, August 1, 2018, and that the United States file its reply with respect to the stay request, if any, by Thursday, August 2, 2018.

Respectfully submitted,

Dated: July 30, 2018

McGREGOR W. SCOTT
United States Attorney

By: */s/ Philip A. Scarborough*
PHILIP A. SCARBOROUGH
Assistant United States Attorney

## ORDER

GOOD CAUSE APPEARING, the United States' request to shorten time for plaintiff to respond to its request for a stay of this matter pending resolution of the United States' transfer motion is GRANTED. Plaintiff shall file her opposition to the request for a stay by Wednesday, August 1, 2018. The United States shall file its reply in support of the request for a stay by Thursday, August 2, 2018. The request for a stay will then be submitted to the Court for decision.

IT IS SO ORDERED.

Dated: **July 31, 2018**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE