# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| J.I.,  Plaintiff,  v.  UNITED STATES,  Defendant. | 1:18-cv-00363-LJO-SAB  **ORDER GRANTING REQUEST TO STAY LIMITED DISCOVERY UNTIL MOTION TO CHANGE VENUE IS RESOLVED** |
|---|---|

Before the Court for decision is Defendants' motion to stay discovery pending resolution of Defendants' motion to change venue. ECF No. 34. The request for a stay was heard on shortened time, as the discovery deadlines are looming. ECF No. 35.

This action was initiated on March 15, 2018, when Plaintiff filed suit in this District against the United States and several Customs and Border Protection ("CBP") Officers relating to the July 11, 2016 immigration-related detention in Texas of a minor who now resides in this District. ECF No. 1. The minor Plaintiff alleges that she was unlawfully subjected to a strip search and was assaulted and battered during that search. *See generally id*. The Complaint originally alleged claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. s. 2671, *et seq*., for assault and battery, false imprisonment, and intentional infliction of emotional distress based upon the alleged search by CBP Officer Fernando Saucedo III (first, second, and third claims for relief) and negligence based on CBP Officers Jacob Kolb's and Gregory Serwatka's decision to leave Plaintiff at the station with Saucedo (fourth claim for relief). The Complaint also alleges violations of the Fourth and Fifth Amendments

1

against Saucedo pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (fifth and sixth claims for relief), as well as various state law tort claims against Saucedo, Kolb, and Serwatka (seventh through tenth claims). On May 25, 2018, Plaintiff voluntarily dismissed all claims against the individual. ECF No. 22. On June 8, 2018, Defendants moved to dismiss the fourth claim for relief under the FTCA pursuant to the discretionary function exception to the FTCA. ECF No. 24. That motion was stayed after Plaintiff requested and the parties stipulated to conduct limited discovery as to the discretionary function exception issue. ECF No. 29. Responses regarding that limited discovery are due on August 6, 2018 and August 13, 2018, respectively. *Id*

A district court has inherent power to stay its proceedings. *Fuller v. Amerigas Propane, Inc*., 2009 WL 2390358, at *1 (N.D. Cal. 2009) (quoting *Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). In considering whether a stay is appropriate, the Court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co*., 99 U.S. 248, 254-55 (1936))). These factors are referred to as the *Landis* factors,

On July 27, 2018, the United States moved to change venue of the pending claims to the Western District of Texas. ECF No. 32. At the same time, the United States requested a stay of the limited discovery, asserting that it would be more efficient to decide the venue motion before the parties completed discovery on the discretionary function issue. ECF No. 35. Among other things, the United States argues that, if the motion to change venue is granted, a different United States Attorney's Office will handle defense of this matter. In that event, the United States maintains it would be most efficient for that office to handle discovery regarding the discretionary function exemption. *Id*. at 3. Plaintiff objects to the limited stay. ECF No. 36. The Court finds the objections to be without merit. Plaintiff

2

relies on asserted prejudice to its ability to defeat the pending motion to dismiss. *Id*. at 7. But, the proffer of harm is underwhelming. Whichever way the motion to change venue is resolved, Plaintiff will be permitted to pursue the limited discovery, which will only be delayed during the pendency of the motion to change venue. *Id*. Plaintiff has not presented any real basis for a finding that this brief delay will be prejudicial to her or that a stay of the nature proposed would disturb "the orderly course of justice." In contrast, the potential efficiency gains of a stay include saving an Assistant United States Attorney from having to familiarize himself with discovery for a case that might be transferred to another jurisdiction. While this efficiency gain is not guaranteed and may not be great in magnitude even if realized, the possible gains are real. Plaintiff also seems to suggest that the United States is attempting to quash the limited discovery to which it stipulated. ECF No. 36 at 8 The Court sees no evidence of this in the present record. The Court will not engage in resolving the remaining arguments raised in the briefing on the limited issue of the stay, as they are not relevant to the pertinent issue: whether a brief stay of discovery until the motion to change venue is decided is warranted. Nor will the Court pre-adjudicate the merits of the motion to change venue. That would waste this Court's scarce time, which is best spent by adjudicating threshold matters in a logical order. In this case, that means adjudicating the motion to change venue first.

## I. CONCLUSION AND ORDER

For the reasons set forth above, the request to stay discovery pending resolution of the motion to change venue is GRANTED. This stay will automatically dissolve upon the issuance of any order resolving the motion to change venue.

IT IS SO ORDERED.

   Dated: __**August 6, 2018**__             _____/s/ Lawrence J. O'Neill_____
                                                      UNITED STATES CHIEF DISTRICT JUDGE